FILED
United States Court of Appeals
Tenth Circuit

April 7, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY F. DURAN,

      Petitioner - Appellant,

v.

JAMES JANECKA,

      Respondent - Appellee.

No. 14-2176
(D.C. No. 2:10-CV-00884-MCA-WPL)
(D.N.M.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Petitioner-Appellant Anthony Duran seeks to appeal from the district court's order denying his petition for a writ of habeas corpus, 28 U.S.C. § 2254, seeking relief from a 47-year sentence imposed by a New Mexico state court. 1 R. 711–44. On de novo review, the district court adopted the magistrate judge's proposed findings and recommended disposition. Id. at 830–40. On appeal, Mr. Duran challenges the district court's rejection of his (1) ineffective assistance of counsel claim based upon counsel's failure to investigate Mr. Duran's case and give proper advice on a plea offer, and (2) double jeopardy claim that his convictions and sentences for kidnapping and aggravated assault merged with his conviction and sentence for aggravated burglary.

To proceed, Mr. Duran must obtain a certificate of appealability, which requires that he make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). This requires that he demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Although the state court rejected Mr. Duran's ineffective assistance claim, the magistrate judge found that this determination rested upon an unreasonable determination of the facts and law; thus, deference to the state court result was not required. 28 U.S.C. § 2254(d)(1)–(2). Because Mr. Duran's factual allegations would have entitled him to relief and he was not at fault for failing to develop his claim in state court, the magistrate judge held an evidentiary hearing on the ineffective assistance claim. Young v. Sirmons, 486 F.3d 655, 679 (10th Cir. 2007).

Although the magistrate judge determined that counsel's performance during the plea process was deficient, he also held that Mr. Duran could not demonstrate prejudice, i.e. "a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would

have been less severe than under the judgment and sentence that in fact were imposed." Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); see also Missouri v. Frye, 132 S. Ct. 1399, 1409–10 (2012).

Mr. Duran argues that the magistrate judge erred in concluding that there was only one formal offer by the prosecution of 36 years, not the 20 years that Mr. Duran maintains. The magistrate judge also found that Mr. Duran's counsel proposed an 11-year sentence followed by five years of probation, but the prosecutor indicated that she would not accept anything less than 30 years. 1 R. 724. Mr. Duran argues that counsel's errors of inadequate investigation of the state's case, incorrect estimation of the term under the plea agreement (24–27 years), failure to revisit the original offer, and failure to inform Mr. Duran of the prosecutor's 30-year "offer" resulted in prejudice. He points to the disparity between any offer and the 47-year sentence imposed.

Given the conflicting evidence and our standard of review, we do not think that Mr. Duran can demonstrate that the resulting findings and conclusions are reasonably debatable. Spears v. Mullin, 343 F.3d 1215, 1225 (10th Cir. 2003). The district court considered the evidence and, on de novo review, determined that only one formal offer had been made. While the disparity between the offer and the ultimate sentence imposed is substantial, it does not negate the uniform testimony that Mr. Duran maintained his innocence and wanted a trial. Regardless, the finding that the state trial judge would not have accepted a plea is

supported by the evidence—the state trial judge was familiar with Mr. Duran and expressed his dissatisfaction with plea agreements.

Mr. Duran next argues that his kidnapping and aggravated assault convictions merged into his aggravated burglary conviction and therefore must be vacated. He argues that the state court's rejection of this claim was based upon an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(2). For substantially the same reasons relied upon by the district court, 1 R. 838–40, we do not think that its resolution of this claim is reasonably debatable, given the deference we must apply to the state court's result.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge